## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

MICHAEL A. KELLY,

     *Plaintiff*,

*v.*

DEBRA SCHAFER,
Outreach Services Assistant Director,
Mid-Michigan Community Action Agency,

     *Defendant*.

_____/

CASE NO. 14-CV-13081

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte*

**DISMISSED** because Plaintiff has failed to state a claim upon which relief can be granted.

### II.    REPORT

#### A.    Introduction

On August 11, 2014, Plaintiff Michael Kelly filed this *pro se* action. On August 11, 2014,

pretrial matters were referred to the undersigned magistrate judge (Doc. 5). On August 15, 2014,

an Order entered granting Plaintiff's application to proceed *in forma pauperis* (IFP) and the Order

indicated the court would screen the complaint before ordering service of process on the

Defendant. (Doc. 6.) The screening process began and the Court drafted a report. On August 15,

2014, Plaintiff filed an amended complaint.(Doc. 7.) The Court's Report and Recommendation

(R&R) was e-filed on August 19, 2014 (Doc. 8), and the fact that an amended complaint had been filed in between the court drafting the R&R and the e-filing of the R&R was overlooked. Therefore, District Judge Ludington properly rejected the R&R because the it did not address the amended complaint. (Doc. 21.)

The amended complaint makes the following allegations:

In this Amendment I'm asking the Court to find Debra Schafer, Outreach Services asst. director, MMCAA in violation of Goldberg v. Kelly, U.S.S.C., 1970. On 08-14-14, Schafer 'Terminated' my participation in the SSVF program. She claims the termination was made at the V.A. level, by the information she provided the V.A. The information she provided the V.A. is/was Fraudulent. Please note the termination letter Schafer sent to me via e-mail on 08-14-14. I did NOT claim case mgmnt. was a form of harassment. Please note enclosed copy of Police Report. I claimed that I considered it harassment that Schafer was still talking to me and e-mailing me about 'Patriot Place' after I repeatedly [sic] Told her I was not interested in 'Patriot Place'. I'm under no obligation to move anywhere I choose not to move to. I have filed numerous deceit, fraud, and Retaliation complaints against several V.A. social workers. I have two EEO failure to hire complaints pending against the Saginaw V.A.

When Schafer 'terminated' me she gave me no opportunity to call witnesses, to rebut any charges against me, and no opportunity for a fair Hearing. She offered me no means of Appeal.

Perhaps Schafer terminated me in Retaliation for filing a Harassment complaint against her. Perhaps she retaliated by proxy as the V.A. is paying her Salary and she feels sub-serveiant [sic] to the V.A.

I've been denied temporary Hotel Housing as Schafer claims - because I have no family. Please note enclosed SSVF definition of 'family'. Please note encl.cfr - title 38, Chapter 1, Part 62. 'Grantee must assist the participant to implement such plan by providing any necessary assistance or helping the participant to obtain any necessary public or private benefits or services'.

Schafer did not refer me to Bradley House - I went there on my own. I filled out the app. and 5 business days later I called Bradley H. and was told I was accepted into their project-based, HUD program. Perhaps all necessary assistance to Shcafer means the participant, who filed a Police report on her, a discrimination complaint against her college [sic], Sandi Kulik, and numerous complaints against V.A. social

workers for their Retaliation, fraud, deceit, and other Code-of-Ethics violations, can sleep outside.

(Doc. 7 at ID 18-19.) Plaintiff seeks a "punitive judgment" and for Defendant to "pay plaintiff's rent, up to 3 months at the Budget Inn, Washington Av., Bay City, or until such time as he physically resides at Bradley House." (Doc, 7 at ID 19.) Plaintiff also seeks assistance and a determination that Defendant's "'termination' of plaintiff in SSVF to be illegal and Order her to immediately reinstate him into that program." (Doc. 7 at ID 20.)

Plaintiff attaches a letter from Defendant, dated August 12, 2014, indicating that his participation in the Supportive Services for Veteran Families (SSVF) program was being terminated based on Plaintiff's lack of communication with his case manager and lack of following through on program goals. (Doc. 7 at ID 21.) Plaintiff also attaches a letter that he sent to the Bay City, Michigan Police Department where he alleges that he was harassed by Defendant. (Doc, 7 at ID 22.) Plaintiff includes a definition of "family" under 38 C.F.R. 62.2 (Doc. 7 at ID 23), a copy of a portion of 38 C.F.R. § 62 (Doc. 7 at ID 24), letters dated August 2 and August 4, 2014, from Plaintiff to Defendant (Doc. 7 at ID 25, 26), a Bay Metro transportation voucher job/apartment search log (Doc. 7 at ID 27), e-mails sent by Plaintiff to Defendant requesting assistance (Doc. 7 ay ID 28-29), a copy of an August 12, 2014 Freedom of Information (FOIA) request made by Plaintiff to the Bay City Police Department (Doc, 7 at ID 30), a copy of an undated letter from Plaintiff to Defendant repeating that Plaintiff would "see you in court Deb" (Doc. 7 at ID 31), an e-mail from Plaintiff to Defendant indicating she would be receiving a summons (Doc, 7 at ID 32), and a document with statements regarding housing stability assistance (Doc, 7 at ID 33-34.)

After screening the *pro se* amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

### B.    Screening Procedure and Standards

In enacting the original IFP statute, Congress recognized that "'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and that it *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Federal Rule of Civil Procedure 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action;

it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**C.   Analysis & Conclusion**

Plaintiff contends that Defendant wrongfully terminated him from the SSVF program in retaliation for previous claims brought against her and that he did not receive a fair hearing regarding the termination of his participation in the SSVF program. Even if this claim is construed as a due process claim or a first amendment retaliation claim under 42 U.S.C. § 1983, any such claim must fail. To state a claim under 42 U.S.C. § 1983, a Plaintiff must show (1) deprivation of a right that is protected by the Constitution or law of the United States; that was (2) caused by a person acting under the color of state law. *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). Here, there is no evidence that Defendant, rather than Veterans' Affairs, had the decision-making ability to terminate Plaintiff's participation in the SSVF program. The only exhibit attached to the Amended Complaint points to the contrary, i.e., that the decision was made not by Defendant, but by Veterans' Affairs. (Doc. 7 at ID 21.) In addition, Plaintiff's complaint does not allege a right protected by the Constitution or law of the United States; it merely alleges termination of his participation in a program overseen by Veterans' Affairs.

I therefore suggest that even construing the amended complaint most liberally, the amended complaint fails to state a claim upon which relief can be granted, and should be *sua sponte* dismissed. Fed. R. Civ. P. 12(b)(6).

**III.   REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 6, 2015                    /S PATRICIA T. MORRIS
                                          Patricia T. Morris
                                          United States Magistrate Judge

**<u>CERTIFICATION</u>**

I hereby certify that this Order was electronically filed this date and served upon all counsel of record through the Court's CM/ECF system.  A hard copy was also mailed via first class mail to Michael A. Kelly, General Delivery, Bay City, MI 48707.

Date:  January 6, 2015          By  s/Kristen Krawczyk
                                Case Manager Specialist