UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL A. KELLY,

        Plaintiff,         Case No. 14-cv-13081

v.         Honorable Thomas L. Ludington

DEBRA SCHAFER,

        Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, OVERRULING OBJECTIONS, DENYING LEAVE TO AMEND, DENYING MOTION TO DISMISS AS MOOT, AND DISMISSING COMPLAINT WITH PREJUDICE**

Michael Kelly initiated this case against Defendant Debra Schafer on August 11, 2014. *See* Compl., ECF No. 1. Kelly alleges that Schafer has deprived him of a constitutionally protected right to participate in the Support Services for Veteran Families case management program administered by Schafer's organization, Mid Michigan Community Action Agency ("MMCAA"). *See* Am. Compl., ECF No. 7. Schafer has moved to dismiss Kelly's complaint for failing to state a claim against her. *See* Def.'s Mot. Dismiss, ECF No. 30. Schafer argues that the decision to end Kelly's participation in the MMCAA case management program was made by the Department of Veterans Affairs, not by Schafer. *Id.*

**I.**

The procedural history of this case is complex and bears explanation before addressing the, admittedly, limited substantive facts. Kelly first filed this case in August of 2014. See Compl., ECF No. 1. That same day, Kelly filed an application to proceed in forma pauperis. *See* App. Proceed IFP, ECF No. 2. Along with these two documents (and a document requesting the

appointment of counsel), Kelly filed a motion to serve Schafer immediately via facsimile. *See* Pl.'s Mot. Serve Def., ECF No. 4. The matter was referred to Magistrate Judge Patricia T. Morris for consideration of all pretrial matters. *See* Order Ref., ECF No. 5. Judge Morris granted Kelly's application to proceed *in forma pauperis*. *See* Order Granting App., ECF No. 6.

Because Kelly was permitted to proceed in forma pauperis his complaint was subjected to the IFP screening procedure. See 28 U.S.C. § 1915(e)(2)(B). Under this procedure, a court may *sua sponte* dismiss a complaint before service of process if "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*. Judge Morris conducted an initial screening of Kelly's complaint and determined that Kelly's complaint did not state a claim for relief. *See* First Rep. & Rec., ECF No. 8. The Report, however, was issued after Kelly had amended his complaint as of right, altering the allegations made therein. *See* Am. Compl., ECF No. 7. The Report was rejected because it did not address the amended complaint. *See* December 29, 2014 Order Sust. Objs., ECF No. 21.

During the time that Judge Morris' first report was pending, Kelly persisted in attempts to serve Schafer. This included filing another motion for the Marshal Service to serve Schafer, *see* Pl.'s Mot., ECF No. 11, and a request to waive service of summons, *see* Pl.'s Notice, ECF No. 13. On December 3, 2014, attorney David Wallace made an appearance in the case on behalf of Defendant Schafer and filed a waiver of service on her behalf. *See* Att'y Appear., ECF No. 14; Waiver of Service, ECF No. 15. Three weeks later, Schafer filed a certificate of service. See Certificate of Service, ECF No. 20. The Report was rejected seven days later. *See* December 29, 2014 Order Sust. Objs., ECF No. 21. The day after the Report was rejected, on December 20, 2014, Schafer filed an answer to Kelly's complaint. *See* Answer, ECF No. 22.

The case returned to Judge Morris for general case management. Judge Morris then issued another Report addressing Kelly's amended complaint. See Rep. & Rec., ECF No. 23. Judge Morris concluded that Kelly's amended complaint did not state a claim for relief because Schafer did not make the decision to terminate him from the MMCAA case management program. That decision was made by the VA. Judge Morris construed Kelly's claim as a due process claim under 42 U.S.C. § 1983 but noted that there was no evidence that Schafer caused a deprivation of Kelly's rights as required to sustain a 42 U.S.C. § 1983 cause of action. *See Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (holding that a 42 U.S.C. § 1983 Plaintiff must "establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law"). Judge Morris recommended dismissing Kelly's complaint. *See* Rep. & Rec. 5, ECF No. 23.

Six days later, Kelly filed a "motion for reconsideration" properly considered as objections to Judge Morris' Report. *See* Pl.'s Mot. Recons., ECF No. 25. Kelly made eight objections to the Report. His objections are as follows: (1) Judge Morris improperly applied the 28 U.S.C. § 1915 screening procedure by ignoring the definition of homelessness; (2) that Schafer is not a governmental employee so does not benefit from immunity; (3) that the Report ignored Supreme Court case law governing his case; (4) that the Report ignored important facts from his complaint; (5) that despite Schafer's representations in the letter terminating his participating in SSVF, she indeed terminated him from the program; (6) that Schafer did have decision-making authority with respect to Kelly's participation in the case management program; (7) that Schafer violated his due process rights under *Goldberg v. Kelly*, 397 U.S. 254 (1970), a point unaddressed by the Report; and (8) that his complaint is not frivolous or malicious, nor is Schafer immune from suit. *See id.* at 2-4.

Kelly also filed a motion to amend his First Amended Complaint to clarify that he is suing Schafer in her individual and official capacities. *See* Pl.'s Mot. Leave Am., ECF No. 26. Schafer filed a response to Kelly's motion to amend. *See* Def.'s Resp., ECF No. 27. Schafer argued that allowing Kelly's amendment would be futile and then copied, almost verbatim, the analysis from Judge Morris' Report.

Nearly four months later, Schafer filed a motion to dismiss Kelly's complaint. See Def.'s Mot. Dismiss, ECF No. 30. In the motion, Schafer argues that Kelly's complaint should be dismissed for all of the reasons stated in Judge Morris' Report, once more copying almost verbatim from the report and adding no new legal analysis. Kelly responded to Schafer's motion on May 15, 2015. *See* Pl.'s Resp., ECF No. 31. In his response Kelly repeated claims he has already made concerning his entitlement to participate in the SSVF case management program.

Judge Morris' second Report, Kelly's objections to the Report, and Defendant Schafer's motion to dismiss are all now under consideration.

## II.

Michael Kelly is a homeless veteran seeking federally funded assistance in finding a residence. He has sought assistance through the federal funding program Supportive Services for Veteran Families. *See* 38 U.S.C. § 2044; 38 C.F.R. § 62.

### A.

SSVF is a federal initiative to provide funding to state and local agencies that seek to provide assistance to veterans and their families. The program provides for a number of different initiatives, including outreach services, case management services, assistance in obtaining public benefits, and even rental assistance. See 38 C.F.R. § 62.30-35. These initiatives are not

administered by the VA but instead by state and local agencies that are granted funding under SSVF.

**B.**

MMCAA is a local agency that administers community services and is funded primarily by a federal Community Services Block Grant. *See* About Community Action, http://www.mmcaa.org/who_we_are/comaction.html. MMCAA also administers programs for the assistance of veterans under SSVF. *See* Supportive Services for Veteran Families, http://www.mmcaa.org/what_we_do/services/services_section/ssvf.html. According to MMCAA it provides the following services to veterans in the Mid-Michigan area:

- Emergency Housing Assistance
- Security or Utility Deposit Assistance
- Rental Assistance
- Utility-Fee Payment Assistance
- Moving Costs Assistance
- General Housing Stability Assistance
- Employment Assistance
- Personal Financial Planning Services
- Fiduciary and Representative Payee Services
- Child Care
- Housing Counseling, Housing Search
- Emergency Food Assistance
- Emergency Heat/Utilities

*Id*.

**C.**

Debra Schafer works as the assistant director of outreach services for MMCAA. *See* Am. Compl. 1, ECF No. 7. According to Kelly, Schafer had the ability to terminate his participation in the SSVF program administered by MMCAA. *Id*. Kelly was participating in MMCAA's case management services with a focus on identifying suitable housing for Kelly. *Id*. at 12.

During the course of Kelly's case management services a dispute arose between Kelly and Schafer. Kelly had been approved for housing assistance through a temporary emergency assistance program of the MMCAA. *See* Compl. 4, ECF No. 1. But according to Kelly, Schafer insisted that Kelly take up residence at a location called Patriot Place, "some Vet's shelter/Housing complex up North." Am. Compl. 5, ECF No. 7 (sic to all). Kelly preferred not to move into Patriot Place but instead take up residence at Bradley House, in Bay City. *Id*. at 8.

Matters came to a head in early August when Kelly sought to have MMCAA pay for his lodging at a hotel for one month while he waited for a place to open up at Bradley House. See Compl. 6, ECF No. 1. He believed that MMCAA's refusal to pay for one month of hotel lodging was related to his status as a single male. Id. Kelly also took issue with what he perceived to be Schafer's lack of attention to other areas of his life. See Email from Kelly to Schafer, Am. Compl. 11, ECF No. 7 ("For the last time – I asked you 3wks ago to check on my CWT application" (sic throughout). On August 4, 2014, Schafer responded to Kelly's complaints against her by noting that her sole responsibility and his main goal for the SSVF program was find housing and an income to sustain his housing. *Id*. at 12. Kelly grew tired of the way Schafer was managing his case and her repeated encouragement that he enter Patriot Place. So, on August 5, 2014, he filed a police report claiming he was being harassed by Schafer. *Id*. He stated in his complaint that "Schafer . . . continues to brow-beat me about Patriot Place[.]" *Id*.

On August 11, 2014, Kelly initiated this lawsuit against Schafer. Schafer then sent him a letter on official MMCAA letterhead. The letterhead informed him that

> Due to a [sic] your lack of communicating regularly with your case manager for the SSVF program, as well as a lack of participation in following through on your goals for the program, your participation in the SSVF program is being terminated.
>
> This decision was made at the VA level, and after a complaint was received from the Bay City Police Department stating that you felt that your case management was a form of harassment.

*Id*. at 4. He then corresponded with her on August 13, warning her that she is being sued and will soon be aware of the lawsuit. *Id*. at 14.

### III.

#### A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record.

#### B.

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### C.

Congress has recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Thus, the *in forma pauperis* statute includes a screening procedure that requires courts to review complaints where a plaintiff is proceeding as a pauper. 28 U.S.C. § 1915(e)(2)(B). The statute requires the *sua sponte* dismissal of a complaint if "the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." *Id.*

### IV.

Judge Morris' Report and Schafer's Motion to Dismiss reach identical conclusions: dismissal of Kelly's complaint is warranted because Schafer did not make the decision to terminate Kelly's participation in the SSVF program. Because the decision was made by the VA, the deprivation of Kelly's alleged constitutionally protected rights was not caused by Schafer. Kelly contests this conclusion. He makes a number of arguments unrelated to the conclusion that Schafer did not decide to terminate him from the SSVF program. His main argument in his objections and his response brief is that Schafer did indeed terminate him from the SSVF program and the termination deprived him of a constitutionally protected right under *Goldberg v. Kelly*, 397 U.S. 254 (1970).

### A.

First, if Kelly concedes (and it is not clear that he does) that Schafer did not make the decision to terminate him from the SSVF program then his complaint should be dismissed, as recommended in Judge Morris's Report. To sustain a claim against Schafer, an employee of a state agency, Kelly's claim would need to arise under 42 U.S.C. § 1983. To sustain a cause of action under 42 U.S.C. § 1983 a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Conceding that Schafer did not possess decision-making power over Kelly's participation in SSVF would not meet this test. The Report will be adopted as to this contention.

### B.

But Kelly makes additional claims in response to Judge Morris's Report and Schafer's motion to dismiss. Namely, he argues that Schafer did possess the authority to terminate him from SSVF. This argument was not presented to Judge Morris and as a result is not addressed in

the Report. Schafer was twice confronted with this claim, but did not address it directly, relying instead on the letter included in Kelly's Amended Complaint that states the decision to terminate his participation in SSVF was made at the VA level.

Assuming, without deciding, that Schafer did indeed possess the authority to terminate Kelly from the SSVF program[1], his complaint should still be dismissed under 28 U.S.C. § 1915. As explained above, to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must establish "the violation of a right secured by the Constitution and laws of the United States[.]" *West*, 487 U.S. at 48. Kelly cannot demonstrate such a right.

Kelly relies heavily in all of his papers on *Goldberg v. Kelly*, 397 U.S. 254 (1970). But *Goldberg* does not support Kelly's claim of entitlement to participation in the SSVF program. Government benefits can, as they did in *Goldberg*, create a constitutionally protected property interest. Property interests, such as that in a government benefit, "are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law[.]" *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). As the Supreme Court explained:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined.

---

[1] This, it should be noted, is not an entirely baseless claim, despite Schafer's representations in her letter to Kelly. Nothing in the SSVF statute or regulations gives the VA any decisionmaking authority regarding the participation of individual veterans in assistance programs operated by state and local agencies that receive SSVF funds. In fact, the contrary is true, that all decisionmaking authority rests with the state and local agencies, such as MMCAA. See 38 U.S.C. § 2044, 38 C.F.R. § 62.30-36. The most reasonable interpretation of Schafer's statement in her letter to Kelly is that she made the decision to terminate Kelly because he no longer complied with the eligibility requirements promulgated by the VA. This is a much different factual circumstance than the claim that Schafer was merely the messenger for VA decisionmakers and would support, at least facially, Kelly's claims against Schafer and the MMCAA as properly directed.

*Id*. Just because a governmental program exists capable of conferring a benefit to individuals situated as a plaintiff is situated does not mean that the plaintiff can claim a property interest in participation in that program. *See Blackburn v. City of Marshall*, 42 F.3d 925, 941 (5th Cir. 1995). He must show a legitimate claim of entitlement to participation in the program and receipt of the benefit. *Id*.

Kelly makes no claim of entitlement and cannot demonstrate one. Nothing in the regulations governing the SSVF program states that veterans are entitled to benefits that could be reasonably construed as a property interest. The only hortatory language in the regulations states that state and local agencies such as MMCAA "must" provide certain services to veterans such as outreach services, 39 C.F.R. §62.30, supportive case management services, 38 C.F.R. §62.31, assistance in obtaining VA benefits, 38 C.F.R. §62.32, and assistance in obtaining and coordinating other public benefits, 38 C.F.R. §62.33. But none of these provisions contemplate MMCAA providing a specific benefit to veterans other than supportive counseling services.

The only provision in the SSVF statute and regulations that reasonably confers a benefit upon veteran participants is the rental assistance program. 38 C.F.R. § 62.34. But this is not a benefit to which a participant has a legitimate claim of entitlement. Indeed, the regulation reads: "Grantees [such as MMCAA] may provide the following services which are necessary for maintaining independent living in permanent housing and housing stability: (a) Rental assistance. Payment of rent, penalties or fees to help the participant remain in permanent housing or obtain permanent housing." 38 C.F.R. § 62.34.

Thus, because the SSVF regulations only contemplate the mandatory assistance in obtaining benefits provided under other statutory and regulatory schemes and does not itself convey a benefit, Kelly cannot state a claim for relief. Furthermore, the only benefit

contemplated by the regulations is not mandatory and is subject to discretionary provision by MMCAA. This is not a benefit to which Kelly is entitled.

But even if the rental assistance regulations created a benefit entitlement Kelly still would not state a claim. Kelly pleads no facts indicating that he had his participation in the benefit program terminated. That is, that he was receiving benefits and had his benefit stream cut off without due process, as the Supreme Court warned against in *Goldberg*. *See Hamby v. Neel*, 368 F.3d 549, 558 (6th Cir. 2004) (explaining that the statute at issue in Goldberg provided for the continuous receipt of benefits, even before recipient made a showing of continued eligibility). Where a recipient is entitled to a benefit but not the continuation of that benefit outside of the certified period of receipt, there is no property interest. *Hamby*, 368 F.3d at 558 (further noting that food stamp recipients did not have a property interest in food stamps because there was no entitlement to continued receipt after the statutorily assigned period ended). Kelly does not allege facts sufficient to demonstrate that he had an entitlement to even the statutorily prescribed period of benefits or that he met all eligibility criteria. In fact, the correspondence he attaches suggests the opposite: that Kelly was uncooperative and did not fulfill the conditions of obtaining rental assistance.

Kelly's complaint will be dismissed *sua sponte* under 28 U.S.C. § 1915.

### V.

Lastly, Kelly has a pending motion to amend his complaint. Kelly seeks to clarify that he brings suit against Schafer in both her individual and official capacities. Schafer resists this amendment on the grounds that it would be futile. She offers no legal support for her conclusion but falls back on her argument that the decision to terminate Kelly's participation in the SSVF program took place at the VA level.

A court should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). "Decisions as to when justice requires amendment are left to the sound discretion of the trial judge[.]" *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

Kelly's amendment would be futile. Even if he were to amend his complaint to incorporate claims against MMCAA (by suing Schafer in her official capacity) he still would not state a claim for the reasons outlined above. *See supra* § IV.B (outlining how the SSVF statute and regulations do not create a cognizable property interest protected by the United States Constitution). Kelly's motion to amend will be denied.

## VI.

Accordingly, it is **ORDERED** that the Report & Recommendation, ECF No. 23, is **ADOPTED in part**.

It is further **ORDERED** that Plaintiff Kelly's Motion for Reconsideration, ECF No. 25, is **DENIED** and his objections are **OVERRULED**.

It is further **ORDERED** that Plaintiff Kelly's Motion for Leave to Amend, ECF No. 26, is **DENIED**.

It is further **ORDERED** that Defendant Schafer's Motion to Dismiss, ECF No. 30, is **DENIED as moot**.

It is further **ORDERED** that Plaintiff Kelly's Amended Complaint, ECF No. 7, is **DISMISSED with prejudice**.

Dated: September 28, 2015      s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 28, 2015.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager