UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL A. KELLY,

        Plaintiff,                    Case No. 14-cv-13081

v.                                        Honorable Thomas L. Ludington

DEBRA SCHAFER,

        Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

Michael Kelly initiated this case against Defendant Debra Schafer on August 11, 2014. *See* Compl., ECF No. 1. Kelly alleged that Schafer deprived him of a constitutionally protected right to participate in the Support Services for Veteran Families ("SSVF") case management program administered by Schafer's organization, Mid Michigan Community Action Agency ("MMCAA"). *See* Am. Compl., ECF No. 7. Schafer moved to dismiss Kelly's complaint for failing to state a claim against her. *See* Def.'s Mot. Dismiss, ECF No. 30. Further, Magistrate Judge Patricia T. Morris, to whom this case was referred, recommended dismissing Kelly's case *sua sponte* under the *in forma pauperis* screening procedure. *See* Rep. & Rec., ECF No. 23; *see also* 28 U.S.C. § 1915. Judge Morris concluded, and Schafer similarly argues that the decision to end Kelly's participation in the MMCAA case management program was made by the Department of Veterans Affairs, not by Schafer. *Id*. As a result, according to Judge Morris and Defendant Schafer, Kelly could not sustain his cause of action. Kelly opposed Defendant Schafer's motion and objected to the conclusions in Judge Morris' report. See Pl.'s Mot. Reconsid., ECF No. 25; Pl.'s Resp. Br., ECF No. 31.

Judge Morris' Report, Schafer's Motion to Dismiss, and Kelly's Amended Complaint were all taken up together by this Court in an order issued on September 28, 2015. *See* September 28, 2015 Order, ECF No. 33. The Court held that Kelly could not claim a property interest in housing assistance under the Support Services for Veteran Families program because he could not demonstrate any form of entitlement to the benefits purportedly conferred by the statutory scheme. *Id*. Thus, even if Kelly could demonstrate that Schafer, not the Department of Veterans Affairs, was the party that terminated his participation in SSVF, he could not establish that he had a constitutional right to participate in the program. *Id*. Kelly has moved for reconsideration of that opinion. *See* Pl.'s Mot. Reconsid., ECF No. 35. Kelly argues in his motion that this Court "made an error" in its opinion. *Id*. Kelly writes that "[t]he plaintiff originally filed this case on 08-11-14. The Plaintiff filed an Amended complaint just 4 days later on 08-15-14." *Id*. (sic throughout). Kelly then cites to the section of Federal Rule of Civil Procedure 15 concerned with amending a complaint as a matter of course. *Id*. Finally, Kelly concludes his motion by declaring that "THE PLAINTIFF REQUESTS A RECONSIDERATION BASED ON HIS AMENDED COMPLAINT." *Id*. (sic to formatting).

A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correct the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997).

Kelly's motion for reconsideration will be denied. Kelly has not pointed out any palpable defect in the Court's reasoning, let alone one that misled the Court and the parties or that would

lead to a different disposition of the case. Kelly's one-page motion appears to indicate that the Court erred in not considering the Amended Complaint Kelly filed on August 15, 2014. But that is not borne out by the record. Indeed, while the first Report & Recommendation issued by Judge Morris did not properly consider Kelly's Amended Complaint, this Court remanded the case to Judge Morris with specific instructions to consider that document. *See* Order Sustaining Objs., ECF No. 21. Thus, the Court was aware of Kelly's Amended Complaint as early as December 29, 2014.

Second, Kelly's Amended Complaint fundamentally altered the claims Kelly was making in this case. Kelly's initial complaint appeared to allege a form of housing discrimination under the SSVF program. *See* Pl.'s Compl., ECF No. 1. Kelly's Amended Complaint shifted the focus of his legal claims to allege that the termination of his participation in the SSVF program deprived him of a protected property right under the Constitution without due process of law. *See* Pl.'s Am. Compl., ECF No. 7. The latter legal claims are the only claims considered by the Court in its September 28, 2015 Opinion & Order. See September 28, 2015 Order, ECF No. 33 (holding in § IV that the SSVF program does not create a constitutionally protected property right). If any doubt remained as to which complaint the Court was addressing, the order line of the Court's opinion is manifestly clear. There the order states "[i]t is further **ORDERED** that Plaintiff Kelly's Amended Complaint, ECF No. 7, is **DISMISSED with prejudice**." *Id*. at 14. Kelly's claims are without merit.

Perhaps Kelly was misled by the Court's Judgment, ECF No. 34. The Judgment states "[i]t is further **ORDERED AND ADJUDGED** that the complaint is **DISMISSED** with prejudice." *Id*. The "complaint," however, is a reference to the Amended Complaint. "An amended complaint supersedes an earlier complaint for all purposes." *Calhoun v. Bergh*,

769 F.3d 409, 410 (6th Cir. 2014) (quoting *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir.2013)) (internal quotation marks omitted). Thus, once Kelly amended his complaint, the Amended Complaint became the operative complaint in the case. Any reference to a complaint was, by default, to Kelly's Amended Complaint. Absent any substantive evidence to the contrary (and Kelly provides none) mere reference to "complaint" rather than "amended complaint" does not mean the Court considered the wrong document.

Accordingly, it is **ORDERED** that Plaintiff Kelly's Motion for Reconsideration, ECF No. 35, is **DENIED**.

Dated: October 7, 2015                         s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 7, 2015.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager